IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED OF OMAHA LIFE INSURANCE COMPANY,<br><br>**Plaintiff,**<br><br>vs.<br><br>FRANKLIN JONATAN GARCIA MARROQUIN, a/k/a FRANKLIN JONATHAN GARCIA, individually; ASHLEY ORTIZ, in her capacity as Administrator of the Estate of Amparo Janett Ortiz Ortiz and as guardian and next friend of R.G. and J.O. minors; DAYAN ORTIZ ORTIZ, individually and as guardian and next friend of R.G. and J.O., minors; O'FLAHERTY LAW P.C., an Illinois professional corporation; AMANDA T. ADAMS; HOPE LAW FIRM & ASSOCIATES, P.C., an Iowa professional corporation; and SHAWN HOOK, in his capacity as guardian and next friend of M.H. and S.H., minors;<br><br>**Defendants.** | 8:24CV17<br><br>ORDER |

On January 17, 2024, Plaintiff, United of Omaha Life Insurance Company, filed a Complaint for Interpleader naming as defendants: Franklin Jonatan Garcia Marroquin a/k/a Franklin Jonathan Garcia ("Marroquin"); Ashley Ortiz ("Ashley"), in her capacity as Administrator of the Estate of Amparo Janett Ortiz Ortiz; Dayan Ortiz Ortiz ("Dayan"); O'Flaherty Law P.C. ("O'Flaherty Law"); Hope Law Firm, P.C.; Amanda T. Adams ("Adams"); and Does 1-4, as guardians and next friends of four surviving minor children of Amparo Janett Ortiz Ortiz. (Filing No. 1).

On January 25, 2024, Plaintiff filed a waiver of service executed upon Adams dated January 18, 2024. (Filing No. 5). On February 16, 2024, Plaintiff filed waivers of service executed upon Dayan (Filing No. 6) and upon Ashley (Filing No. 7), both dated January 18, 2024.

On February 16, 2024, Plaintiff filed an Amended Complaint naming as defendants: Marroquin; Adams; O'Flaherty Law; Ashley, in her capacities as Administrator of the Estate of Amparo Janett Ortiz Ortiz and as guardian and next friend of R.G. and J.O., minors; Dayan,

individually and as guardian and next friend of R.G. and J.O., minors; Hope Law Firm and Associates, P.C. ("Hope Law"); and Shawn Hook ("Hook"), in his capacity as guardian and next friend of M.H. and S.H., minors. (Filing No. 8). On March 14, 2024, Adams filed an answer to the Amended Complaint. (Filing No. 12).

On March 19, 2024, Plaintiff filed a return of service purporting to show Marroquin was personally served with the Complaint on March 8, 2024, (Filing No. 13), and filed a waiver of service executed upon Hope Law dated February 16, 2024, (Filing No. 14). Plaintiff requested and was issued summons as to Hook, but has not filed a return of service. (Filing No. 15; Filing No. 16). On May 20, 2024, counsel entered an appearance on behalf of O'Flaherty Law, but has not filed a responsive pleading, nor asked for an extension of time to do so. (Filing No. 19).

More than 90-days has elapsed since the Amended Complaint was filed. To date, Adams is the only defendant who has filed an answer in this action. No other defendant has filed any responsive pleading or requested additional time to file a responsive pleading. Moreover, it is not clear that all defendants named for the first time in the Amended Complaint have been served. Plaintiff requested summons for Hook, but Plaintiff has not filed anything to indicate Hook has been served with the Amended Complaint. Additionally, defendant Dayan was only named in the original Complaint as an individual; however, Plaintiff's Amended Complaint adds that Dayan is now also named in his capacity as guardian and next friend of minor children, R.G. and J.O. Ashley also was newly named as a defendant in her capacity as guardian and next friend of the minor children. See, e.g., *Cheeks v. Belmar*, 331 F.R.D. 499, 504 (E.D. Mo. 2019) ("Service in one capacity does not confer jurisdiction over the other capacity, even though the defendant is fully aware of the suit.") (quoting 1 James Wm. Moore, et al., Moore's Federal Practice § 4.50[3] (3d ed. 2018)).[1]

Plaintiff has a duty to both properly serve all defendants and to prosecute the case, and may, for example, request additional time to properly serve all defendants with the Amended Complaint, seek default in accordance with the applicable rules against the non-answering defendants, voluntarily dismiss defendants, or take some other appropriate action. See NECivR 41.2. ("At any time, after appropriate notice, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution."); Fed. R. Civ. P. 4(m) ("If a defendant is not served

---

[1] The Court recognizes this proposition of law specifically refers to a defendant sued in both individual and official capacities; however, the Court finds the situation here to be analogous.

2

within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). Accordingly,

**IT IS ORDERED** that Plaintiff shall have until **June 21, 2024,** to rectify the issues identified by the Court above pursuant to Federal Rule of Civil Procedure 4(m) and NECivR. 41.2.

Dated this 31st day of May, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge