IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED OF OMAHA LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br> vs.<br><br>O'FLAHERTY LAW P.C., an Illinois professional corporation; and AMANDA T. ADAMS,<br><br>    Defendants,<br><br> vs.<br><br>FRANKLIN JONATAN GARCIA MARROQUIN a/k/a FRANKLIN JONATHAN GARCIA, individually; ASHLEY ORTIZ in her capacity as Administrator of the Estate of Amparo Janett Ortiz Ortiz and as guardian and next friend of R.G. and J.O., minors; DAYAN ORTIZ ORTIZ, individually and as guardian and next friend of R.G. and J.O., minors; HOPE LAW FIRM & ASSOCIATES, P.C., an Iowa professional corporation; SHAWN HOOK, in his capacity as guardian and next friend of M.H. and S.H., minors.<br><br>    Defaulted Defendants. | 8:24CV17<br><br>**MEMORANDUM AND ORDER** |

   This matter is before the Court on Defendant Amanda T. Adams' Motion for Summary Judgment (Filing No. 46), and Plaintiff United of Omaha Life Insurance Company's Motion to Discharge (Filing No. 47.) The Court will grant the Motion for Summary Judgment and the Motion for Discharge. The Court will also order disbursement of the funds paid into the Registry of the Court and terminate this case.

BACKGROUND

United of Omaha Life Insurance Company ("Plaintiff") issued group life insurance policy No. GLUG-BDM2 (the Policy) to Niewohner Bros. Inc. Amparo Janett Ortiz Ortiz ("Amparo") was insured under the Policy. Amparo was hired as an employee of Upper Iowa Beef in August 2018. She signed a beneficiary designation form under the Policy naming Dayan Ortiz Ortiz as the primary and sole beneficiary. Amparo left employment with Upper Iowa Beef in July 2019. (Filing No. 8.) On March 13, 2020, Amparo became reemployed by Upper Iowa Beef and signed a new beneficiary designation form under the Policy. (Filing No. 8-2.) Amparo named Jonathan Garcia, Amparo's "novio" as the beneficiary of the Policy. Novio means boyfriend in Spanish. Amparo died on or around November 5, 2020. Following Amparo's death, Plaintiff held twenty thousand ($20,000) dollars in benefits payable to the proper beneficiary under the Policy.

On January 17, 2024, Plaintiff filed a Complaint in Interpleader (Filing No. 1) naming as defendants: Franklin Jonatan Garcia Marroquin aka Franklin Jonathan Garcia ("Garcia Marroquin"); Ashley Ortiz ("Ashley"), in her capacity as Administrator of the Estate of Amparo Janett Ortiz Ortiz; Dayan Ortiz Ortiz ("Dayan"); O'Flaherty Law P.C. ("O'Flaherty Law"); Hope Law Firm, P.C. *an Illinois Professional Corporation*; Amanda T. Adams ("Adams"); and Does 1-4, as guardians and next friends of Amparo's four surviving minor children. (Filing No. 1.) Plaintiff alleged it is subject to potentially conflicting claims to insurance proceeds that were in its custody and control. Plaintiff has no interest in the proceeds payable under the Policy and admits that the proceeds are payable.

On January 25, 2024, Plaintiff filed a waiver of service executed upon Adams dated January 18, 2024. (Filing No. 5.) On February 16, 2024, Plaintiff filed waivers of service executed upon Dayan (Filing No. 6) and Ashley (Filing No. 7), both dated January 18, 2024.

On February 16, 2024, Plaintiff filed an Amended Complaint naming as defendants: Garcia Marroquin; Adams; O'Flaherty Law; Ashley, in her capacities as Administrator of the Estate of Amparo Janett Ortiz Ortiz and as guardian and next friend of R.G. and J.O., minors; Dayan, individually and as guardian and next friend of R.G. and J.O. minors; Hope Law Firm & Associates, P.C., *an Iowa Professional Corporation* ("Hope law"); and Shawn Hook ("Hook"),

2

in his capacity as guardian and next friend of M.H. and S.H., minors. (Filing No. 8.) On March 14, 2024, Adams filed an answer to the Amended Complaint. (Filing No. 12.)

On May 7, 2024, Plaintiff sought leave to deposit disputed funds that are subject to the interpleader action into the registry of the court pursuant to Fed. R. Civ. P. 67(a) and NECivR 67.1. (Filing No. 18.) No objections to the motion were filed.

On May 31, 2024, the Magistrate Judge entered an order noting that, at that point, only Adams had filed an answer. It was not clear whether all defendants named in the Amended Complaint had been served or had been served in all capacities. Plaintiff was ordered to rectify the issues identified by the Magistrate Judge by June 21, 2024 and Plaintiff did so. (Filing No. 21; Filing No. 38.)

The Magistrate Judge granted Plaintiff's motion to deposit the funds and the funds were received by the court on August 20, 2024. (Filing No. 45.) Defendant Amanda T. Adams filed a motion for summary judgment on August 20, 2024. (Filing No. 46.) On September 9, 2024 Plaintiff filed a motion to discharge requesting discharge from liability under the Policy, an injunction from further proceedings related to the Policy, dismissal from the case, and an award of reasonable attorney fees and taxable court costs.

The current status of each of the Defendants is as follows:

Terminated or Defaulted Defendants:

1. Franklin Jonatan Garcia Marroquin aka Franklin Jonathan Garcia, in his individual capacity: Served by personal service on March 8, 2024. (Filing No. 13.) Clerk's Entry of Default entered June 20, 2024. (Filing No. 39.)

2. Ashley Ortiz, as administrator of the estate: Waiver of Service filed as to original complaint, (Filing No. 7); Clerk's Entry of Default entered on June 20, 2024 (Filing No. 39.)

3. Ashley Ortiz, as guardian and next friend R.G. and J.O.: Served by personal service on June 5, 2024. (Filing No. 36.) Clerk's Entry of Default entered on July 11, 2024. (Filing No. 41.)

4. Dayan Ortiz Ortiz in his individual capacity: Waiver of Service filed as to original complaint, (Filing No. 6). Clerk's Entry of Default entered on June 20, 2024 (Filing No. 39.)

5. Dayan Ortiz Ortiz: as guardian and next friend R.G. and J.O. Served by personal service on June 10, 2024. (Filing No. 35.) Clerk's Entry of Default entered on July 11, 2024. (Filing No. 41.)

6. Hope Law Firm, P.C. *an Illinois Professional Corporation*: Named in original complaint, terminated as a party, as the firm was not named in the Amended Complaint. (See Filing No. 8.)

7. Hope Law Firm & Associates, P.C., *an Iowa Professional Corporation*: Waiver of Service filed as to the Amended Complaint. Clerk's Entry of Default entered June 20, 2024. (Filing No. 39.) [1]

8. Shawn Hook, as guardian and next friend of M.H. and S.H.: Served by personal service April 15, 2024 (Filing No. 22.) Clerk's Entry of Default entered June 20, 2024. (Filing No. 39.)

9. Does 1-4: named in original complaint, terminated as there were no Does named as parties to the Amended Complaint. (See Filing No. 8.)

Responding Defendants:

1. Amanda T. Adams: Answer filed March 14, 2024. (Filing No. 12.) Currently seeking distribution of the Policy proceeds.

2. O'Flaherty Law P.C.: Filed an answer on June 3, 2024 stating the firm "disclaims their interest in the Proceeds and no longer intends to pursue the related claim." (Filing No. 26 at p. 7.)

## ANALYSIS

I. Jurisdiction

As an initial matter, when judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to assure itself that it has jurisdiction over both the subject matter and the parties. See *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy,*

---

[1] Defendant Amanda T. Adams is a former associate of Hope Law Firm. Adams filed a stipulation indicating that Hope Law Firm & Associates, P.C. and Adams have a meeting of the minds as to how any funds released to Adams would be distributed between Hope Law, Adams, and Andrew L. Hope, director of Hope Law. (Filing No. 50.)

242 F.3d 322, 324 (5th Cir.2001); *In re Tuli,* 172 F.3d 707, 712 (9th Cir.1999); *Williams v. Life Savings and Loan,* 802 F.2d 1200, 1203 (10th Cir.1986). Accordingly, this Court examines both subject matter and personal jurisdiction.

    A.  Subject Matter Jurisdiction

"Under 28 U.S.C. § 1335, a district court has jurisdiction of any civil action of interpleader involving money or property worth $500 or more where two or more adverse claimants, of diverse citizenship as defined in 28 U.S.C. § 1332, 'are claiming or may claim to be entitled to such money or property,' if the plaintiff has deposited the money or property with the court." *New York Life Ins. Co. v. Connecticut Dev. Auth.,* 700 F.2d 91, 95 (2nd Cir.1983) (footnote omitted). "The requisite diversity exists if at least two of the adverse claimants are citizens of different states, without regard to the citizenship of other claimants or the stakeholder." *New York Life Ins. Co. v. Connecticut Dev. Auth.,* 700 F.2d at 95 n. 5.

This action was brought pursuant to Fed.R.Civ.P. 22 and 28 U.S.C. §§ 1331, 1335, 1397, and 2361. (See Filing No. 8.) The Complaint alleges that Plaintiff is a Nebraska Corporation with its principal place of business in Omaha, Nebraska, O'Flaherty Law,. is an Illinois corporation with its principal place of business in Illinois, Hope Law is an Iowa professional corporation with its principal place of business in Iowa, and the remaining defendants and defaulted defendants are residents and citizens of Iowa. Therefore, diversity of citizenship is present.

Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because it is brought in a judicial district in which a substantial part of the property that is the subject of the action is situated. Additionally, Plaintiff has deposited the proceeds of the life insurance policy at issue into the Registry of the Court. Thus, this Court has original jurisdiction by virtue of the federal interpleader statute, 28 U.S.C. § 1335. See *State St. Bank & Trust Co. v. Denman Tire Corp.,* 240 F.3d 83, 89 n. 4 (1st Cir.2001) (stating that 28 U.S.C. § 1335 provides jurisdiction to federal courts over interpleader actions having "[t]wo or more adverse claimants, of diverse citizenship") (alteration in original). Accordingly, subject matter jurisdiction exists.

B. Personal Jurisdiction

Section 2361 provides for nationwide service of process in actions brought pursuant to 28 U.S.C. § 1335. See *New Jersey Sports Prods., Inc. v. Don King Prods., Inc.*, 15 F. Supp. 2d 534, 543 (D.N.J. 1998), citing 7 Charles A. Wright & Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1703 at 499 (1986 & 1996 supp.). In this case, each Defendant or Defaulted Defendant has either signed a waiver of service of process or was personally served with a summons and copy of the Complaint and no party has challenged this Court's jurisdiction. Thus, the Court concludes it has personal jurisdiction over all of the defendants.

II.   Plaintiff's Motion for Discharge

Pursuant to 28 U.S.C. § 2361, Plaintiff moves for an order: 1) discharging United of Omaha from further liability under Policy Number GLUG-BDM2; 2) permanently enjoining Defendants from instituting or prosecuting any proceeding in any state or United States court against United of Omaha relating to the proceeds of the Policy; 3) dismissing United of Omaha as a party in this action, with prejudice; and, 4) awarding United of Omaha its reasonable costs and attorney fees.

A. Discharge from Further Liability and Proceedings

Federal statutory interpleader allows a party holding money or property to join the various parties asserting mutually exclusive claims, thereby avoiding the threat of multiple liability or multiple lawsuits. *Acuity v. Rex, LLC,* 929 F.3d 995, 1000 (8th Cir. 2019). Plaintiff has disclaimed any interest in the Proceeds and has no position as to whom the Proceeds should be paid. Plaintiff would suffer prejudice if the Court does not fully and finally resolve the dispute regarding the entitlement to the insurance proceeds at issue. This is the very reason Plaintiff brought this action. Without entry of judgment, Plaintiff cannot be fully released from liability and the insurance proceeds would sit in the Court's registry.

Plaintiff has joined each of the parties who have previously asserted, through communication with United of Omaha, either a claim under the Policy or entitlement to the funds

due to an existing lien. Plaintiff has also joined parties who have a *potential* claim to the funds. Plaintiff has diligently sought a resolution of this action, seeking default as to the parties who have not filed an answer or responsive pleading. Plaintiff has also provided notice of the motion to discharge via CM/ECF and to the defaulted parties by U.S. Mail. No party has responded or objected to Plaintiff's request and the time for doing so has passed. Therefore, the motion for discharge is deemed unopposed and will be granted.

B. Reasonable Fees and Costs

"A federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action, whether brought under Rule 22 or the interpleader statute, whenever it is fair and equitable to do so." *Ohio Nat'l Life Ins. Co. v. Anderson*, No. 8:20-CV-29, 2020 WL 5057769, at *3 (D. Neb. Aug. 27, 2020), citing 7 Charles Alan Wright et al., Federal Practice & Procedure ("FPP") § 1719 (3d ed.); *Hunter v. Fed. Life Ins. Co.*, 111 F.2d 551, 557 (8th Cir. 1940) ("Since the court had jurisdiction of the [interpleader] suit, there can be no question of its power to make reasonable allowances for attorneys' fees."). Courts generally "award costs and attorney fees in interpleader actions only 'if the plaintiff is (1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability.' " *Progressive Universal Ins. Co. v. L.P.*, No. 4:13CV3032, 2013 WL 1820997, at *1 (D. Neb. Apr. 30, 2013) (quoting *Metro. Life Ins. Co. v. Kubichek*, 83 F. App'x 425, 431 (3d Cir. 2003)).

Plaintiff is a disinterested stakeholder who has conceded liability, deposited the funds with the court, and has sought discharge. The index accompanying Plaintiff's motion includes detailed itemizations and descriptions of time spent, tasks completed, and expenditures made, in support of Plaintiff's request for fees and costs. (Filing No. 48.) No party has filed anything disputing that $5,000.00 is reasonable, fair, and equitable award for Plaintiff's work and costs incurred related to this action. Adams, as the only active party claiming entitlement to the funds, did not file an objection or response to Plaintiff's motion and the time for doing so has passed. Therefore, the portion of Plaintiff's motion related to attorney fees and costs is also deemed unopposed and Plaintiff's requests for fees and costs will be granted.

III.      Adams' Motion for Summary Judgment

Adams alleges she is entitled to the balance of the funds paid into the Registry of the Court on August 20, 2024 because of an existing attorney's lien against Garcia Marroquin, the beneficiary of Amparo's life insurance policy. Adams alleges that in November 2020, Garcia Marroquin entered into a contract with Adams in her capacity as an agent of Hope Law Firm in Des Moines Iowa. (Filing No. 46 at p. 16-19.) The contract contained an offer to represent Garcia Marroquin in legal proceedings concerning the paternity of his daughter, R.G. (Filing No. 46 at p. 4.) Adams performed services for Garcia Marroquin between December 2020 and February 2022 through a state court case involving parentage, termination of parental rights, and an appeal. (Id. at 5.) Adams represented Garcia Marroquin from November 27, 2020 to August 2021 while employed with Hope Law. For those services, Garcia Marroquin had an unpaid balance of $35,163.92 as of August 2021. (Filing No. 46 at pp. 29-75.) Adams filed a lien in Iowa Appellate Case Number 21-1673. (Filing No. 46 at p. 82.) Adams served the lien upon Plaintiff by U.S. Mail, facsimile and email on April 22, 2022. (Filing No. 46 at p. 87.) Garcia Marroquin was personally served with the lien on or about April 25, 2022. (Filing No. 46 at pp. 6, 86.)

The Amended Complaint alleges Garcia Marroquin submitted a claim to Plaintiff requesting payment of the proceeds on May 12, 2022, and Amparo's Estate submitted a claim requesting payment of the proceeds on June 3, 2022. (Filing No. 8 at p. 5.) O'Flaherty Law, Hope Law, and Adams served Plaintiff with notice that they were asserting liens against the proceeds to the extent that the proceeds were payable to Garcia Marroquin. However, Adams is the only party who has filed an Answer or other responsive pleading <u>in this Court</u> claiming entitlement to the funds held in the Registry of the court.

Upon review, each of the other parties who previously claimed entitlement to the funds has had an opportunity to litigate their position through this action. Garcia Marroquin and Ashley, the Administrator of Amparo's Estate, have been served, and have not filed an Answer or other responsive pleading in this Court claiming entitlement to the proceeds. O'Flaherty Law has disclaimed their interest in the proceeds. (Filing No. 26, at p. 7). Hope Law, a Defaulted Defendant, has reached an undisclosed agreement with Adams regarding the appropriate distribution of funds, should the funds be released to her. (Filing No. 50.) In addition, other parties

who Plaintiff anticipated could have potential claims to the proceeds have been served and have defaulted, indicating that they do not intend to pursue payment under the Policy.

A named interpleader defendant who fails to answer the interpleader complaint and assert a claim "forfeits any claim of entitlement that might have been asserted." *Prudential Ins. Co. of Am. v. Amarante,* No. 18-CV-13618, 2019 WL 1397247, at *2 (E.D. Mich. Mar. 28, 2019). *See, also, Gagnon v. Gagnon*, 621 F. Supp. 3d 229, 232 (D.N.H. 2022), citing *Metro. Life Ins. Co. v. Rathe*, No. 20-CV-858-JD, 2021 WL 7082831, at *1 (D.N.H. Mar. 31, 2021). ("In an interpleader action, the failure of a named and properly served defendant to appear or defend in the action is deemed to be a forfeiture of that defendant's right or claim to the interpleaded fund.") "If only one interpleader defendant remains following the default of another defendant, the remaining defendant is entitled to the fund." *New York Life Ins. Co. v. Baker*, No. 2:20-CV-2577, 2021 WL 640412, at *2 (S.D. Ohio Jan. 4, 2021); *Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n. 4 (4th Cir.1984) ("if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund").

Summary judgment is appropriate, when, viewing the evidence in the light most favorable to the nonmoving party, the record reflects that no genuine issue of any material fact exists. See *Celotex Corp. v. Catrett*, 477 U.S. 317, (1986). At this time, the Court is not deciding competing claims as Plaintiff has disclaimed its interest in the funds and only one party has sought payment in this Court. Adams has demonstrated sufficient evidence of Garcia Marroquin's right to the Policy proceeds as the designated beneficiary at the time of Amparo's death. Additionally, Adams has provided evidence of a legitimate lien against Garcia Marroquin for an amount that exceeds the proceeds of the Policy, so there will be no unclaimed remainder. Plaintiff and O'Flaherty received notice of Adams' motion for summary judgment via CM/ECF and Adams served each of the defaulted defendants with a copy of her motion. No party has filed a response to the motion, and the time for doing so has passed. Therefore, Adams' Motion for Summary Judgment will be granted. Having found that Plaintiff is entitled to $5,000.00 for its reasonable attorney's fees and taxable court costs, the Court finds Adams is entitled to the balance of the proceeds paid into the Registry of the Court ($15,000.00), plus any interest accrued on the $20,000.00 policy proceeds since the deposit.

Accordingly,

IT IS ORDERED:

1. Plaintiff's Motion for Discharge is granted. ([Filing No. 47](Filing No. 47).)

    a. Plaintiff is discharged from all liability to Defendants for any claim, demand, action, or cause of action arising out of the Policy insuring the life of Amparo Janett Ortiz Ortiz.

    b. Defendants are enjoined from instituting or prosecuting any proceeding in any State or United States Court against Plaintiff relating to the Policy;

    c. Plaintiff is dismissed from this action, with prejudice; and,

    d. Plaintiff is awarded its reasonable attorney's fees and taxable court costs in the amount of $5,000.00 to be paid from the Proceeds deposited with the court.

2. Defendant Amanda T. Adams' Motion for Summary Judgment is granted. ([Filing No. 46](Filing No. 46).) The defaulted defendants have abandoned any right, title, or interest to the funds at issue.

3. Amanda T. Adams and United of Omaha Life Insurance Company are ordered to complete an Internal Revenue Service Form W-9 and submit the completed form via email to the Clerk of the Court;

4. Upon receipt of such Form W-9, the Clerk of the Court is ordered to distribute the aforementioned insurance proceeds as follows:

    a. $15,000.00, plus any interest accrued, by check made payable to "Amanda T. Adams" and delivered to 502 N. 17th Street, Indianola, Iowa, 50125.

    b. $5,000 by check made payable to "United of Omaha Life Insurance Company" and delivered c/o Plaintiff's counsel, Timothy J. Thalken, Fraser Stryker P.C., LLO, 500 Energy Plaza, 409 South 17th Street, Omaha, NE 68102-2663

5. A separate judgment will be entered.

Dated this 15th day of October, 2024.

BY THE COURT:

_Susan M. Bazis_
Susan M. Bazis
United States District Judge